CITY OF AUGUSTA *versus* INHABITANTS OF CHELSEA.

In an action by one town against another for supplies furnished to a pauper, the defendant town cannot file in set-off a demand against the plaintiff town for the support of paupers belonging to the latter.

A demand for the support or relief of paupers originates solely in positive provisions of the statute, and has in it none of the elements of a contract, express or implied.

THIS was an action to recover for supplies furnished to certain paupers belonging to Chelsea. The liability of the defendants was admitted.

The defendants filed in set-off an account against the plaintiffs for supplies furnished to paupers of Augusta. The settlement of the paupers, their necessities and the supplies claimed to have been furnished, were admitted.

It appeared in evidence that supplies were furnished by Chelsea to one Bruce, a pauper of Augusta, commencing in January, 1857, in which month due notice was given by the overseers of the poor of Chelsea to those of Augusta.

In August, 1857, an action was brought by Chelsea against Augusta to recover for the supplies furnished, which was settled in August, 1858, and the amount sued for paid.

In the mean time the supplies to Bruce, by Chelsea, had continued from time to time, but no new notice had been given.

There was much evidence as to an alleged verbal promise, on the part of the overseers of the poor of Augusta, or some of them, to pay for the supplies last mentioned, at or before the settlement of the action brought by Chelsea.    There was also testimony tending to show verbal notice of the supplies furnished to Bruce, in conversation between the two boards of overseers.

The case was submitted to the full Court, on report of the evidence by RICE, J., with the agreement that, if the account filed in set-off is admissible, the two accounts should be adjusted by the clerk; if not, the account in set-off was to be withdrawn, a default entered, and the defendants heard in damages before the clerk.

*J. Baker*, for the plaintiffs, argued that a set-off of any kind cannot be allowed in actions not founded on judgment or contract.   Stat. 1821, c. 59, § 19 ; 1841, c. 115, § § 24, 28, 32 ; *Pierce* v. *Boston*, 3 Met., 520.   In R. S., 1857, c. 82, § 46, the language is changed, but not the meaning.   *Hughes* v. *Farrar*, 45 Maine, 72.   If any set-off can be allowed in actions of this nature, the one filed is inadmissible.   R. S., c. 82, § 47 ; *Hall* v. *Glidden*, 39 Maine, 445.   The support of paupers is a liability created by statute, which statute provides the remedy.   R. S., c. 24, § § 24–29.   The remedy is by notice and action within two years, and not by set-off. When a statute creates a liability, and furnishes the remedy, no other remedy can be used.   *Hovey* v. *Mayo*, 43 Maine, 322 ; *Commonwealth* v. *Howes*, 15 Pick., 233 ; *Boston* v. *Shaw*, 1 Met., 130 ; *Brown* v. *Lowell*, 8 Met., 172 ; *Baird* v. *Wells,* 22 Pick., 212 ; *Kelton* v. *Phillips*, 3 Met., 62.  But if this account in set-off could be allowed in any circumstances, it is inadmissible in the present case, for want of the statute notice.   R. S., c. 24, § 24.   After suit brought for supplies to the same paupers, the present supplies were furnished, but no new notice given.   This neglect bars the claim.   *Hallowell* v. *Harwich*, 14 Mass., 188 ; *Walpole* v. *Hopkinton*, 4 Pick. 358.

*S. Lancaster,* for the defendants.

The statute of set-off, being intended to prevent the necessity of cross actions, should have a liberal construction. *Richards* v. *Blood,* 17 Mass., 66; *Witter* v. *Witter,* 10 Mass., 224.

The account filed in set-off is based on a contract implied by law, and made express by agreement. The plaintiffs, by the conduct and declarations of their officers, waived the statute notice. *Embden* v. *Augusta,* 12 Mass., 307; *Shutesbury* v. *Oxford,* 16 Mass., 102; *York* v. *Penobscot,* 2 Greenl., 1; *Unity* v. *Thorndike,* 15 Maine, 182.

The counsel then reviewed the law of set-off, to show that the Legislature had been disposed to favor and extend the privilege, commencing with 6 Geo. 2, c. 2, followed by stat. 1784, c. 28, § 12; 1793, c. 75, § 4; 1821, c. 59, § 19; 1841, c. 115, § 27; 1857, c. 82, § 47.

The opinion of the Court was drawn up by

DAVIS, J.— The demand of the plaintiffs against the defendants is not disputed. The defendants, having a demand against the plaintiffs, which is also for the support of paupers, have filed it in set-off in this action.

No demand can be filed in set-off unless it is founded on a judgment, or an express or implied contract. The demand of the defendants in this case, according to the testimony, does not rest upon any special contract. They claim to recover on the ground that they bring themselves within the statute provisions. Such a demand, for the support or relief of paupers, is not founded upon a contract. The liability originates solely in positive provisions of statute, and has in it none of the elements of a contract, express or implied.

According to the agreement of the parties, the account in set-off is to be withdrawn, and the defendants are to be defaulted, to be heard in damages before the clerk.

TENNEY, C. J., and RICE, CUTTING, MAY, and GOODEN' JJ., concurred.