## CANTRELL V. CLARK COUNTY.

1. COUNTIES: *Liability for services to paupers.*
   Our statutes for the aid of the poor, imply no promise by the county to pay for services rendered by a physician or ‘surgeon, even in cases of emergency, if there has been no judicial ascertainment that the person treated is a pauper.

2. SAME: *Same; Presumption.*
   It is presumed that a physician's or surgeon's services to the poor and indigent are bestowed as a charity, or that he looks to the patient for his pay, and when such is his intent he cannot afterwards charge the county with liability.

APPEAL from *Clark* Circuit Court.
Hon. H. B. STUART, Circuit Judge.

*G. W. Williams* for Appellant.

It was agreed that deceased was a pauper. He thus came within the purview of *Sec. 1112 Manf. Dig.* The plain and unmistakable intention of our law, as shown in this and the two preceding sections, is, that any person, whether a resident or not, shall receive care, and that the person giving it shall be paid. The railroad did not engage the services of the surgeon. Either Hempstead or Clark county is liable.

The supreme court of Pennsylvania, in the case of *The Overseers of Versailles v. the Overseers of Mifflin, 10 Watts, 360,* said: " If a pauper has no settlement in the state, the expense of maintenance remains on the township in which he was when he required relief. They were bound to maintain him; he

comes within the equity of the act." The deceased was mortally hurt in Mifflin township and removed to Versailles township, where he died in a few days. The court held the township of Mifflin liable. The same court held, in the case of *Overseers v. McCoy, 2 Pa., 432*, where a non-resident pauper was hurt in Fermanah township, and removed to Milford township, that the removal was a fraud on Milford, whether so intended or not, and that there could be no recovery against Milford. The statutes on which these decisions are based are substantially the same as ours. See, *Act Pa., 9th March, 1771, pp. 340–2–3. Gunn v. Pulaski county, 3 Ark., 427.* Gunn had never been declared a pauper, and the county was held liable. *Hart v. Howard county, 44 Ark., 560; Brem v. Arkansas county, 9 Ark., 240.* This case is altogether different from *Lee county v. Lackie, 30 Ark., 765.* There the deceased was a resident, and there was opportunity for him to have been declared a pauper if he was one.

COCKRILL, C. J. Gersche, a pauper and non-resident of Clark county, was run over by a railroad train, at Arkadelphia, in that county, and his leg crushed ; and he was taken on the train to Hope, in Hempstead county, the nearest place to a surgeon, and was there treated and his leg amputated by Dr. Cantrell, who afterwards presented to the county court of Clark county a bill for his services. His bill was rejected and he appealed to the circuit court, where the judgment of the county court was affirmed, and he appealed to this court.

1. County's liability for services to pauper. It is the established construction of our statutes, for the aid of the poor, that they imply no promise by the county to pay for services rendered by a physician or surgeon, even in cases of emergency, if there has been no judicial ascertainment that the person cared for is a pauper. *Lee county v. Lackie, 30 Ark., 764; Prewett v. Mississippi county, 38 Id.; 213.*

Gunn's case in *3 Ark., 427*, and Brem's case in *9 Id., 240*, were not pauper cases, and the law under which they were determined was long ago repealed.

It would seem that humanity required that the statute should make some provision for emergencies arising when the county court is not in session, at least, but it has not done so, and it is not the province of the courts to extend even the beneficial design of such statutes to cases not within their provisions. *Mansfield v. Sac county, 60 Iowa, 11.*

The judgment is right, for another reason. Relief is most commonly given to the poor and indigent as a charity, and by no class more frequently than by physicians. It is not to be presumed as a matter of law, that the physician intends to charge his charity practice ultimately to the account of the county that might perhaps have been made liable for the maintenance of the poor patient. The presumption is that he bestowes his services as a gratuity, or looks to the patient for his pay; and when such is his intent when rendering the service, he cannot afterwards change the account and charge the county with liability. *Blakeslee v. Directors, etc., 102 Pa. St., 274.*

2 SAME: Presumption, etc.

There is nothing in the agreed statement of facts in this case to indicate that the surgeon expected to charge the county when his services were required.

Affirm.