CLARK COUNTY v. HUIE.

PAUPERS: *County's liability for funeral expenses.*

There is no distinction in regard to a county's liability for funeral expenses, and its liability for services rendered to the indigent person in his life time. In both cases a previous adjudication of poverty by the County Court, is necessary to fix such liability.

APPEAL from *Clark* Circuit Court.
H. B. STUART, Judge.

*Crawford & Crawford* for appellant.

The law of this case was embodied in the four declarations asked by appellant. *30 Ark., 768, 769; 47 Ark., 239; 1 S. W. Rep., 200; 9 Ark., 240; Mansf. Dig., secs. 1110, 1113.*

*R. W. Huie pro se.*

When a person dies without money or property to pay his burial expenses, the law says it shall be the duty of the County

Court to make such allowance therefor as shall seem just. *Mansf. Dig., sec. 1112.*

SMITH, J.  Huie's claim for $20 against the county for the burial of an alleged pauper, was allowed by the County Court. Upon appeal by a citizen and tax payer, the cause was tried in the Circuit Court, without a jury, upon the following agreed statement of facts:

" That the plaintiff as an undertaker furnished a coffin and assisted at the burial of one Marion York, for which this account is rendered against the county; that before the coffin was furnished and the service rendered, the Judge of the County Court *in vacation*, told the plaintiff that if the law would authorize him in doing so, he would allow the claim when the County Court should meet; that Marion York was a poor man who died in destitute circumstances, without means to defray the expenses of his burial; that said York was at the time of his death, which occurred in December, 1885, a resident of Clark county; that the records of the County Court of Clark county show that the said York was never adjudged a pauper by the County Court, and that his name is not now and never was on the list of paupers for the said county."

The defendant moved the following declarations of law:

"In order to charge the county for the burial expenses of Marion York, a resident of Clark county, it must appear from the records of the County Court that the said Marion York had been duly and legally declared a pauper by the County Court.  The plaintiff cannot recover against the county for a coffin furnished or services rendered to a destitute person, where no contract has been entered into with a person or persons authorized to bind the county.  The law will deem all such things furnished and services rendered as gratuitous.

The County Judge has no authority to adjudge an indigent person a pauper or to contract for his support, medical treatment, or burial expenses, except in term time or while he is holding a County Court."

The first of these declarations was rejected and the last was modified by striking out the words "burial expenses." And the claimant had judgment.

The defendant's propositions express accurately the law applicable to the case. *Lee County v. Lackie, 30 Ark., 764; Prewett v. Mississippi County, 38 id., 213; Cantrell v. Clark County, 47 id., 239.*

There is no distinction in regard to the county's liability for funeral expenses and its liability for services rendered to indigent persons in their life time. In both cases a previous adjudication of·poverty is necessary to fix that liability.

Reversed and a new trial ordered.