## CLAY v. PULASKI COUNTY.

### Opinion delivered October 8, 1892.

*Counties—Paupers—Burial expenses.*

> A county is not liable for services in caring for or burying a poor · person residing therein unless such person has been declared a. pauper by the county court, prior to the performance of the service.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

M. J. Clay made claim against Pulaski county in. the county court, alleging that he expended the sum of $8.25 in the burial of the body of one Young, who, at the time of his death, was a pauper residing in the city of Little Rock and county of Pulaski.    He admitted that.

no adjudication of pauperism preceded his death, but prayed that such adjudication be now made, and, after said adjudication shall have been made, that the county pay his burial expenses.

The claim was disallowed in the county court, and in the circuit court on appeal. Petitioner has appealed.

*Morris M. Cohn* for appellant.

It is not necessary that the adjudication of pauperism shall precede the rendering of the services for which compensation is sought ; all that is required being that the adjudication of that fact shall precede any liability on the part of the county. Const., art. 7, sec. 28 ; Mansf. Dig. secs. 1110 to 1114, etc.; 3 Ark. 427 ; 9 *id.* 240 ; 31 *id.* 764 ; 38 *id.* 213 ; 47 *id.* 239 ; 49 *id.* 145 ; 45 N. W. Rep. 502 ; 13 Ill. 371 ; 102 U. S. 298 ; 98 U. S. 314, 315.

*Geo. W. Caruth* and *Chas. P. Roberts* for appellee.

The statute under which 3 Ark. 427 and 9 Ark. 240 were decided has been repealed. In order to charge the county there must be a previous adjudication of pauperism. Mansf. Dig. secs. 1110–12 ; 30 Ark. 764 ; 47 *id.* 239 ; 49 *id.* 145.

HEMINGWAY, J. It is well settled by the decisions of this court, that there can be no recovery against a county for services in caring for or burying a poor person residing therein unless such person has been declared a pauper, by the county court of the county, prior to the performance of the services. *Brem* v. *Ark. Co. Court*, 9 Ark. 240 ; *Lee Co.* v. *Lackie*, 30 Ark. 764 ; *Cantrell* v. *Clark Co.* 47 Ark. 239 ; *Clark Co.* v. *Huie*, 49 Ark. 145. It follows that the court below properly held that the appellant could not maintain this suit against Pulaski county. Whether he could maintain such a suit against the city of Little Rock is a question not involved in the case, which we, for that reason, have not considered and could not decide.

Affirm.