[No. 1377.]

LANDER COUNTY, Appellant, v. HUMBOLDT COUNTY, Respondent.

INDIGENT POOR—LIABILITIES BETWEEN COUNTIES FOR SUPPORT.—The liability of a county for the relief and support of its indigent poor is purely statutory, and to render one county liable for such relief granted by another county to one of the former's indigent residents, the case must come fairly within the statute.

IDEM—NATURE OF COUNTY'S LIABILITY.—There are none of the elements of a contract, express or implied, in a demand for the relief or support of the poor. The liability exists only in pursuance of the positive provisions of the statute.

IDEM—PAUPER.—A county in this state is only liable for relief furnished by another county to one of its indigent residents where such indigent is a pauper.

IDEM—WHO NOT A PAUPER.—A laboring man who has always been able to make a living, and who, until his last sickness, had never had occasion to ask or receive charity, is not a pauper, although without money or property with which to pay the expenses of that sickness.

(Syllabus by BIGELOW, J.)

APPEAL from the District Court of the State of Nevada, Elko county.

*G. F. Talbot,* District Judge.

The facts are stated in the opinion.

*D. S. Truman,* for Appellant.

I.  Respondent is clearly liable to appellant, under the terms of the statute, for the relief furnished by appellant to the indigent.

II.  The court erred in finding that the indigent was not a

pauper. The evidence all showed that he was unable to earn a livelihood on account of bodily infirmity, that he had no relatives to support him, that he was without means and required relief. Under such evidence he was clearly a pauper or indigent. (Gen. Stat. Sec. 1982; *Blodgett* v. *Lowell*, 33 Vt. 174; *Charleston* v. *Groveland*, 15 Gray 15; *Goodale* v. *Lawrence*, 88 N. Y. 513; *Wallingford* v. *Southington*, 16 Conn. 431; *Poplin* v. *Hawk*, 8 N. H. 305.)

III. There is an implied contract created by reason of the relief furnished the indigent by appellant which entitles appellant to recover the value thereof from respondent.

*M. S. Bonnifield*, for Respondent.

I. The obligation or duty of a county to relieve and support its paupers is purely statutory, and to make a county liable the case must fall within the liability created, pursuant to and in the manner prescribed by the statute. (45 N. W. Rep. 331; 24 Iowa 211; 12 Mass. 333; 14 Mass. 396; 28 Mo. 255; 8 Vt. 224.) There are none of the elements of a contract, express or implied, in a demand for the support or relief of the poor; the liability, if any, originates solely in the positive provisions of the statute. (47 Me. 367.)

II. The indigent was not a pauper. A person may be poor, an indigent, without money or property, yet this does not make or constitute him a pauper. It is a duty of counties in addition to supporting its own paupers, to furnish relief to any nonresident or any other person not a pauper, falling sick and being without means, on complaint of any one, to give necessary aid at the expense of the county where the indigent is taken sick.

By the Court, BIGELOW, J.:

Action by the plaintiff county to recover from the defendant county expenses claimed to have been incurred in the care and treatment of a pauper resident of the latter county.

In Secs. 1981–1991, Gen. Stat., the legislature seems to have had in mind two classes of indigent persons who might be entitled to county aid—First, paupers; in which class it was apparently the intention to include poor persons who are unable to earn a livelihood in consequence of bodily infirmity, idiocy,

lunacy, or other cause, and whose disability is likely to be more or less permanent; and, secondly, those mentioned in section 1986 as non-residents, or other persons not coming within the definition of paupers, who may fall sick in any county in this state, not having money or property with which to pay for their necessary board, nursing or medical aid.

Section 1988 provides that for relief furnished to a pauper who is a resident of another county, the relieving county may, under certain circumstances, recover from the county of which the pauper was a resident, but no provision is made for a recovery for relief furnished the class mentioned in section 1986. Then, for this kind of relief, no recovery can be had, for the liability of a county for the relief and support of its indigent poor is purely statutory, and to render the county liable the case must come fairly within the terms of the statute. (*Hamlin Co.* v. *Clark Co.*, 45 N. W. Rep. 329; *Cooledge* v. *Mahaska Co.*, 24 Iowa 211; *Mitchell* v. *Inhabitants of Cornville*, 12 Mass. 333; *Miller* v. *Inhabitants of Somerset*, 14 Mass. 396.) There are none of the elements of an implied contract in such a case; the liability exists only in pursuance of the positive provisions of the statute. (*City of Augusta* v. *Chelsea*, 47 Me. 367; *Hamlin Co.* v. *Clark Co.*, supra.) The whole matter is entirely within the control of the legislature, and the duty of aiding and supporting poor people, or of relieving those temporarily in need of assistance, may be imposed by that body upon counties or towns in such manner as it may deem proper.

The district court found that the indigent on whose account this claim is made was not a pauper. The appellant assigns as error that this finding is not supported by the evidence. The facts proven were that he was a man without a family, who for a number of years had made a living by laboring upon ranches for others. He had no property, but seems to have earned the ordinary wages of a laboring man, and, so far as the evidence shows, had always been able to make a living, and had never asked for or received charity. In the fall of 1889 he came to Battle Mountain, and while there was treated for an affection of the foot. From this place he went to Golconda, in Humboldt county. When he arrived there he had about one hundred dollars in money, a part of which he paid on a debt and a part for board. He remained here some weeks, until his money was exhausted, and a friend became security for another month's

board. Shortly, however, the trouble with his foot increasing, he returned to Battle Mountain to the same physician that had formerly treated him, for further treatment, but he got no better, and after several months died. In the beginning of this last sickness, necessary care and treatment seem to have been furnished him upon his own credit; but subsequently, when it was found that the case was likely to prove quite serious, those about him called upon the county for assistance, and it is the expense then incurred by Lander county that forms the basis of this action.

Certainly this evidence falls short of proving that this man was a pauper. He was rather of the class mentioned in section 1986—a non-resident who had fallen sick in Lander county, not having money or property with which to pay for necessary care and medical aid. In such a case the legislature has placed the duty of relieving the unfortunate person upon the county in which he may be found. Under the statute it was as much the duty of Lander county to care for him as for one of their own poor, and for such care it has no recourse against the county of his residence. It may be supposed that in the long run the account will be equalized by Humboldt county doing the same for one of Lander's unfortunates.

It is said, and there is some evidence to support the contention, that he did not fall sick in Lander county but in Humboldt county, and afterwards came to Lander county, but this is immaterial. As we have seen, the only liability that exists between the counties under our statute is where relief is granted to a pauper; and as the indigent in this case does not come within that class, no liability exists, no matter where he may have fallen sick or under what circumstances the relief was furnished him.

Our statute was doubtless substantially copied from a statute of Illinois which was construed in the case of *Supervisors of La Salle Co.* v. *Reynolds*, 49 Ill. 186, and the distinction we have suggested as existing between paupers and persons falling sick within a county, not having money or property with which to support themselves, fully recognized and sustained. In *Lee Co.* v. *Lackie*, 30 Ark. 764, that court, also, held that a strong, able-bodied young man, who hired as a laborer was not a pauper, although unable to pay for his medical attendance while sick.

Points decided.

As these considerations lead us to the conclusion that the action cannot be maintained by Lander county, it is unnecessary to consider the other assignments of error made in the record.

The judgment is affirmed.