## BOARD OF COMMISSIONERS OF SWEETWATER COUNTY v. BOARD OF COMMISSIONERS OF CARBON CO.

Poor and Paupers — Liability of Counties.

1. In a general sense all poor persons may be said to be paupers, but not as the word is used in the statutes, wherein it has been defined to be poor persons, particularly those so indigent as to depend upon the proper authorities of a community charged with the support of the poor.

2. In a technical sense the word "pauper" does not apply to a poor person smitten with a contagious disease, who, on account of his sickness, receives aid from the county, though under a pauper act.

3. Non-residents and others not coming within the definition of a pauper, to be a public charge, are those who need relief in case of an emergency. Section 1955 of the Revised Statutes of 1887 was intended to meet such an emergency and to provide for such a class of persons; and reasonable notice is necessary in such case to fix liability upon the county.

4. To enable one county to recover from another the expense attending the care of a poor or indigent person who has been injured, under the provisions of Section 1957, Rev. Stat. of 1887, such person must have had a permanent or other residence in the latter county at the time he received his injuries.

5. The liability of a county for the care of the indigent rests solely upon statutory provisions.

6. A person was picked up by men in charge of a railroad train at a station located in Sweetwater County. His arm was broken and leg crushed. Owing to the then available means of transportation he was conveyed to an adjoining county

(Carbon). He was cared for by the authorities of the latter county. It did not appear that he was or ever had been a resident of Sweetwater County. He was without means and in a destitute condition. The evidence was conflicting, and the trial court did not pass upon the question whether reasonable notice was given to Sweetwater County which would be necessary to fix liability under Section 1955. Held, that Carbon County could not recover from Sweetwater County the expenses incurred in attending to the necessities of the injured person.

[Decided March 3 1896. Commenced in District Court, March 21, ' 1894.]

Error to the District Court for Sweetwater County, Hon. Jesse Knight, Judge.

This was an action brought by the Board of the County Commissioners of Carbon County against the Board of the County Commissioners of Sweetwater County, to recover certain expenses incurred in the care of one Ben Zimmer who, it was claimed, was a pauper and chargeable to Sweetwater County. The facts are sufficiently set out. in the opinion. The District court rendered judgment. for the plaintiff. The defendant prosecuted error.

*E. E. Enterline*, for plaintiff in error.

To bring the case within the provisions of Sec. 1956, Zimmer must have resided in Sweetwater County for ninety days, and notice must have been given to that. county by the clerk of Carbon County. He must have been recognized as a pauper by Sweetwater County. He was not a pauper as contemplated by the provisions of Sec. 1956. He was rather a person coming under the provisions of Sec. 1955. (Rev. Stat., Secs. 1953–1955; Collins v. King Co., 1 Wash. Ty., 416; King Co. v. Collins, id., 469; Lee Co. v. Lackie, 30 Ark., 764;. Supt. of Poor, Davis Co. v. Supt. of Poor, etc., 38 Wis., 499; Youngs v. Overseers of Hardiston, 14 N. J. L., 517; Clark Co. v. Huie, 4 S. W., 452; 18 A. & E. Ency. L., 776; Lander Co. v. Humboldt Co., 21 Nev.,

415.) · Notice was necessary. (Pouchick Co. v. Cass Co., 63 Ia., 244; Cerro Gordo Co. v. Wright Co., 50 Ia., 439; Camden v. Lincolnville, 16 Me., 384; Bangor v. Fairfield, 46 Me., 558; East Machias v. Bradley, 67 Me., 533; Westfield v. Southwick, 17 Pick., 68; Walpole v. Hopkinton, 4 id., 357; Palmer v. Dana, 9 Metc., 587; Gilford v. Newmarket, 7 N. H., 251; Mitchell v. Cornville, 12 Mass., 332; Kent v. Chapin, 6 Conn., 72; Attleborough v. Mansfield, 15 Pick., 19; Cooper v. Alexandria, 33 Me., 453.) The duty of a county to take care of its poor is statutory. There are none of the elements of an implied contract in such cases. (Board v. Plant, 42 Ill., 325; County v. City, etc., 99 id., 479; Mussel v. Tama Co., 73 Ia., 101; Hamlin Co. v. Clark Co., 1 S. D., 131; Supt., etc., v. Sauk Co., 38 Wis., 499; Mappes v. Board, 47 id., 31; Bangor v. Fairfield, Palmer v. Dana, Mitchell v. Cornville, Lander v. Humboldt Co., supra; Coolidge v. Mahaska, 24 Ia., 211; Miller v. Somerset, 14 Mass., 396.)

*F. Chatterton,* for defendant in error.

The commissioners of each county are vested with entire supervision and obligated with the cost of the poor. R. S., Sec. 1953. Paupers needing assistance are not to be left to the uncertain charities of individuals, and if the county does not care for them, an individual may, and then look to the county for reimbursement. (County v. City, 99 Ill., 479.) The right being created by statute, the law implies a promise, and an action can be sustained. (Seagraves v. Alton, 13 Ill., 366.) Sec. 1955 alone is sufficient to give defendant in error a right of action upon the facts in the case. (Tomlinson v. Bentall, 5 Bail Court, 738; 8 Dow. & Ry. K. B., 493; Simmons v. Wilmet, 3 Esp., 91 Eldon, Newby v. Wiltshire, 2 Esp., 739; 4 Doug. K. B., 284; Wennall v. Adney, 3 Bos. & Puller, 247; Taylor Tp. v. Shenango Tp., Pa., 5 Cent., 267; Stone v. Glover, 60 Vt., 651; Charleston v. Luneberg, 23 Vt., 525; Gordell v. Mt. Holly, 51 Vt., 423;

Board v. Tipton Co., 89 Ind., 48.)  The right exists under Sec. 1957 without notice.

Groesbeck, Chief Justice.

The petition in this action was amended during the trial, and alleges substantially the following facts: On or about July 26, 1891, one Ben Zimmer, pauper, was wrongfully removed and transported from Sweetwater County to Carbon County, while helpless and suffering from severe bodily injuries, and by reason of said wrongful removal and his helpless and destitute condition, he wrongfully became a charge as a pauper upon Carbon County, and his physical condition was such that he could not be removed from that county.  Carbon County expended for and on behalf of Sweetwater County in the care and maintenance of said pauper, between July 26, 1891, and the 9th day of September, 1891, the sum of $478.10, and demanded judgment for said sum with interest thereon running thirty days after the last item of the account.

A demurrer to the petition was filed by the defendant below, which was overruled by the court, and a general denial was then filed as an answer to said petition.  A trial was had, and the court, a jury being waived, made special findings of fact and conclusions of law, and gave judgment for the plaintiff, and it is to reverse this judgment that proceedings in error are instituted.  The findings of fact briefly stated are that said Zimmer was a pauper on the date named at Wamsutter, Sweetwater County, Wyoming, maimed and wounded, demanding immediate medical and surgical attention, and that owing to the distance from said place to Green River, the county seat of Sweetwater County, and the conditions as to the means of transportation, it was impossible to convey said Zimmer to Green River and save his life; that his removal was without authority from the representatives of Sweetwater County, but by reason of such removal the life of the pauper was saved; that owing to the maimed and

wounded condition of the pauper, he could not have been removed during the time he was cared for and maintained by Carbon County, and that owing to his condition and the impossibility of his removal, no notice was necessary to bind Sweetwater County, from whence he was removed; that without proof as to the former residence of the pauper prior to the day of his injury, the court found that Sweetwater County was liable to Carbon County for the amount expended, and gave judgment for such amount with interest thereon in the sum of $612.95, and costs taxed to $280.70. Objections were made to most of the findings of fact, and under them, it was assigned as ground in the motion for a new trial, that the decisions and findings of the court should have been for the defendant, Sweetwater County. It is also assigned as error that under the evidence and the law governing the case the decision should have been for the defendant. Other assignments of error are set forth, in the action of the trial court in overruling the demurrer to the petition, the motion for judgment on the pleadings, and to the introduction of evidence on behalf of the plaintiff, objected to by defendant, but it will not be necessary to consider any of these matters, as the case will be disposed of on its merits.

The evidence discloses that Zimmer, who was a young man between seventeen and nineteen years of age, was picked up by those in charge of a freight train running east at Wamsutter, Sweetwater County, Wyoming, on the date named. His arm was broken and his leg crushed. Owing to the means of transportation then available and his serious condition, Zimmer was conveyed to Rawlins in Carbon County, where he received prompt surgical treatment, which resulted in the amputation of an arm and leg. This treatment was necessary to save the life of the patient, and such treatment and necessary care during his convalescence were furnished by the authorities of Carbon County, and paid for by the county board of that county. It does not appear in the record that Zimmer

was a resident of Sweetwater County, at the time of his injury, or that he had ever resided in such county. He was without means and in a destitute condition when found by the employees of the railway company.

The statutes governing the matter, found in Secs. 1953 to 1957 of the Revised Statutes, vests the board of the county commissioners of each county with the entire and exclusive superintendence of the poor in their respective counties (Sec. 1953); any poor person, being a "resident" of the State, may receive such relief as the case may require, out of the county treasury, and the county board is empowered to make either a contract for the necessary maintenance of the poor, or appoint agent or agents to oversee and provide for the same (Sec. 1954); when any non-resident of the county, or any person not coming within the definition of a pauper, shall "fall sick" in any county, not having money or property to pay his board, nursing, or medical attendance, the county commissioners "upon notice thereof" shall provide such assistance "as they may deem necessary," and shall make such reasonable allowance for board, nursing, and medical attendance as they may deem just and equitable, and may, in their discretion, contract with some suitable person or persons for such services, in case of all sick persons coming within the provisions of the section (Sec. 1955); when any application is made by the pauper to the county board for relief, the board must require of such applicant satisfactory evidence that he has been a resident of said county for ninety days immediately preceding the date of the application for relief, and if such evidence is satisfactory, the county board may, in their discretion, provide the relief specified, but if the contrary appears, they may provide for the transportation of such pauper from the State, or may provide for his relief (Sec. 1956). If any person shall become chargeable in any county in which he did not reside at the commencement of the ninety days aforesaid, he shall be cared for by the county commissioners of the county where he may

be found; and the county clerk of said county is required to send notice by mail to the county clerk of the county in which such person has his "permanent residence," that said person has become chargeable as a pauper, and request the authorities of the last-named county to remove said pauper forthwith, and to pay the expenses incurred by reason of his care.

If any such pauper, by reason of sickness or disease, or through neglect of the proper authorities to remove him, or if through any cause, he can not be removed, then the county taking charge of such pauper may, by civil action, sue for and recover from the county to which such pauper "belongs," the sum expended for and on behalf of such pauper. Sec. 1957.

Under these provisions the county boards are generally vested with a very large discretion in the supervision of paupers. When an application for ordinary relief is made, the first inquiry by the board is as to the residence of the pauper, and if the applicant has been a resident of the county for ninety days immediately preceding the application, the board may, in its discretion, grant the relief; and if the residence of the applicant has not been for the period mentioned, then the board may provide for the transportation of the pauper out of the State, or "may" provide for his relief. Each county is required to provide for its own resident paupers, if they have removed temporarily to or are found in another county, and if the county where such pauper is temporarily domiciled, furnishes relief to such a one, after due notice to remove him given to the authorities of the county of his residence when he is in a condition to be removed, there may be a recovery from the county where the pauper has a permanent residence. The notice to remove the pauper is not necessary perhaps in all cases, and in case of sickness or disease, or from other good causes, he can not be removed, then, in our opinion, such notice to remove is not necessary. The trial court held that such notice was not necessary, as Zimmer could not have been removed owing

to his dangerous condition, and this conclusion would have been correct if the provisions of Sec. 1957 governed the case. The petition is drawn upon that assumption, but under the evidence, the status of Zimmer falls rather within the terms of Sec. 1955, as there is no proof showing that Zimmer had a "permanent" or other residence in Sweetwater County, or that he "belonged" to that county, at the time of his injury, matters necessary to be shown for a recovery under Sec. 1957. The allegations that Zimmer was a pauper and the finding to that effect, are not supported by the evidence. In a general sense, all poor persons may be said to be paupers, but not as the word is used in the statutes, wherein it has been defined to be poor persons, particularly those so indigent as to depend upon the proper authorities of a community charged with the support of the poor. Lee County v. Lackie, 30 Ark., 764. In a technical sense, the word "pauper" does not apply to a poor person smitten with a contagious disease, who, on account of his sickness, receives aid from the county, though under a pauper act. La Salle County v. Reynolds, 49 Ill., 186.

The chapter relating to these matters is well entitled "Poor and Paupers," and this distinction is markedly preserved therein. The statute makes a distinction between paupers and those not coming within the definition of a pauper, and also as to non-residents who shall fall sick in any county, not having means to pay for board, nursing, and medical attendance, these latter classes being provided for in Section 1955, wherein the board is not given that wide discretion that is conferred by other sections. Non-residents and others not coming within the definition of a pauper, to be a public charge, are those who need relief in case of an emergency, particularly such a one as in the case at bar.

A person may be self-sustaining in health, yet by reason of a sudden illness or calamity, be without means to secure medical attendance, nursing, and maintenance during his illness. Section 1955 was intended to meet such

an emergency and to provide for such a class of persons.

The evidence does not disclose that Zimmer was a resident of Sweetwater County at the time he received his injuries therein, and that fact can not be presumed. It is not shown, therefore, that he fell within the class of persons mentioned in Section 1957, neither is it affirmatively shown that he fell within the class of persons mentioned in Section 1955; that is, a non-resident or one not coming within the definition of a pauper. Under Section 1955, the county board must have notice in order to fix its liability for the care, medical attendance, and maintenance of the afflicted person. This seems to be clear, because such a duty is imposed upon and entrusted to the county board, and the liability, of necessity, can not attach, without some notice thereof. In some of the States, the care and maintenance of the deserving poor and destitute sick is made a public charge, and if, after notice, the authorities charged with the duty of making provision for such unfortunates at the public expense, fail to perform that duty, then any person supporting and caring for the neglected person may recover his reasonable outlay from the proper municipality; but in such cases, the notice required must be given before the municipality becomes liable. Goodell v. Mount Holly, 51 Vt., 423; Kent v. Chaplin, 6 Conn., 72.

Section 1955 of our statute makes the liability of the county dependent upon the notice in the case of transient or non-resident sick persons, who may not have been adjudged paupers or recognized as such, and who have not been subsisting on the public bounty, and need but temporary relief. The liability of the county rests solely upon statutory provisions, as there was no liability imposed upon any public corporation at the common law to provide for the indigent, and the statute having provided in effect that notice is necessary to charge the county, in the absence of such notice the liability of the county of Sweetwater for the care and treatment of Zimmer could never attach,

and the county board would not be chargeable with that duty. The trial court did not make any finding upon the sufficiency of notice, but merely held that notice was not necessary, under the facts and circumstances of the case. This would have been a proper ruling if the notice required by Section 1957 relating to relief furnished paupers, residents of another county, is the notice to be considered. There was testimony to the effect that one of the county commissioners of Carbon County met a member of the county board of Sweetwater County during the time relief was furnished to Zimmer by the former county, but the time of the conversation was in dispute, whether during the period Zimmer was under care and treatment in Carbon County, or a year, or at least some considerable period later. The county board of Sweetwater County was entitled to notice within a reasonable time of the facts and circumstances of the case and that Carbon County had furnished temporary relief, such as the emergency of the case required. Doubtless, circumstances may arise when immediate notice can not be given to the proper board, and in such case it is possible that it may become chargeable with the amount of the relief furnished before notice is given, but notice must clearly be given, within a reasonable time or as soon as practicable, in order that the county board of the proper county may make such provision, either under existing rules prescribed for such cases or otherwise, as it may deem necessary for the proper care of a person coming within the provisions of Section 1955; and in the absence of such provision after notice to render it liable to others therefor. To render the county liable, the ministrations to the sick person must be furnished officially and not officiously. It may be that under the circumstances of the case, the county of Carbon was primarily liable and the county of Sweetwater was not, because while the injured lad did not "fall sick" within Carbon County, but was injured in Sweetwater County, yet in the former county he was in a situation demanding immediate relief, and it was there that medical attendance

and care were promptly and humanely furnished. It has been held under similar statutes elsewhere that in such cases, in the long run, the account will be equalized between the counties, where the one to whom the relief is extended has no permanent residence in any county. Lander County v. Humboldt County, 21 Nev., 415. It may be that Carbon County alone was chargeable with the care of Zimmer, but this point we do not decide. We do hold that as the injured lad who received care from Carbon County was not shown to be a resident of Sweetwater County, that the case does not fall within the terms of Section 1957, or the case made by the pleadings and the findings.

Whether the facts are such as would render Sweetwater County liable for any part of the expenses under the provisions of Section 1955, it is unnecessary and improper for us to consider for the reason that there is a conflict in the evidence as to whether any notice was given at any time, and the trial court did not pass upon that disputed question of fact, or decide it in any way. If any notice was in fact given, then the question, which would be a mixed one of law and fact, would arise whether it was sufficient and given within such a reasonable time as to make Sweetwater County liable, under that section of the statute, to care for Zimmer or to reimburse Carbon County for the relief furnished him.

As to the matter of taxation of costs for the fees and mileage of witnesses coming from Carbon County, the county of their residence, to attend the trial of the cause in Sweetwater County on behalf of the defendant in error, the plaintiff and prevailing party in the trial court, it is apparent that such a question need not be decided, as the judgment must be reversed.

The judgment of the district court for Sweetwater County is reversed and the cause is remanded to that court for a new trial.

*Reversed.*

CONAWAY and POTTER, JJ., concur.