Parker, C. J.
This action cannot be supported ; the statute (1) ' giving no right of action to an individual who undertakes to support a pauper out of the place of her settlement, against the town where be or she may be lawfully settled. The duty of an individual [*334] in such a case is, to apply * to the overseers of the town wherein the pauper may be resident; and they are obliged to furnish immediate relief, and may recover the expense from the town to which the pauper belongs ; and the individual, if such overseers shall refuse or neglect to do their duty, may recover of such town an indemnity, as is provided in the thirteenth section of the statute.
In the present case, the place of the pauper’s residence was an unincorporated plantation, and the seventh section of the statute expressly provides, that, in such case, the relief shall be furnished in the first instance by the next adjoining town, which in this case was Garland, and not Cornville.
A notice from the overseers of the town which incurs the expense, to the overseers of the town of the pauper’s settlement, being an essential prerequisite to an action, except where the person affording the relief is an inhabitant of the town which is liable, it is plain, that, under this provision of the statute, an individual cannot maintain an *293 action, except against the town which is obliged to advance the necessary immediate relief. The remedy of one corporation against another is entirely of statute provision, and the statute must be strictly complied with to enable a party to recover ; nor can an individual have any action or remedy, but what is given by statute. The verdict in this case must, therefore, be set aside, and the plaintiff must be called.†

Plaintiff nonsuit.

 1 Stat. 1793, c. 59.

 Watson vs. Cambridge, 15 Mass. Rep. 286.