DAVID KELLOGG *versus* THE INHABITANTS OF ST. GEORGE.

A town is not liable to pay a physician, for his services, in attending upon persons sick with a contagious disease, who have ability to make payment themselves, without his being employed by the selectmen of the town; although they have, under the provisions of Rev. Stat. c. 21, taken measures to prevent the access of others to the place, and have appointed a person to superintend the house, and take care of its inmates. To make the town liable, the physician must be employed by the selectmen; their knowledge and assent to his performing the services is not enough.

No copy of the exceptions, or instructions of the presiding Judge have come into the hands of the Reporter. The objectionable instruction, seems to be given, *verbatim,* in the opinion of the Court.

*Ruggles,* in his argument for the defendants, took these positions.

It is necessarily assumed, to support this action, that the charge is first to be made to the town, and then charged over by the town, to the individual who receives the aid. That is to say, the medical or other aid, is to be at the charge of the town, though the person be of ability, and the town is to turn round and recover it of the individual. The language of the statute, it is respectfully submitted, does not warrant

any such construction. It certainly does not require it. The public safety does not call for any such construction ; and it would therefore involve a very unnecessary circuity of action. If such circuity had been intended, the statute would have provided, in so many words, that the medical aid, &c. should be at the charge of the town, and that the town should have a right of action, to recover the same of the individual, if he be of ability. But the language of the statute is very different and clearly indicative, as it would seem to me, of an intention, that the town is not chargeable for the expenses of the sickness, unless the individual be poor and unable to pay. In that case, he is a pauper and in need of support, and the town must pay. In the case of a wealthy citizen, whose child has small pox, what necessity, or propriety is there, in the town's assuming the expenses of the sickness? That could add nothing to the public safety, which is the sole object of the statute. The parent may be interdicted from going abroad among his neighbors, and it becomes necessary to have some medium or agency through which he can obtain the attendance of a physician. That agency is very properly devolved on the selectmen. They are to see that the doctor is sent for, when necessary, at the charge of the individual, he being able. The very statement of the case is sufficient. Argument can scarcely make it plainer. If so, then it was not " competent" for the jury to find for the plaintiff on the evidence in the case.

But the defence does not rest solely on this construction. The plaintiff was in attendance as Robinson's physician before the selectmen knew any thing of the matter. He continued to attend. They had no occasion to interfere in that respect. They interdicted intercourse with the family, but not the plaintiff's attendance as the family physician. They allowed or " assented" to his visiting there, but they never employed him on the account of the town. There was no occasion for their doing so. Their " knowledge and assent" to his attending at Robinson's did not create any liability on the part of the town to pay his bills, any more than their " knowledge and

assent" to the mother's nursing and taking care of the child, would make the town liable to pay her bills.

The opinion of a majority of the Court, SHEPLEY, TENNEY and WELLS Justices, WHITMAN C. J. dissenting, was drawn up by

WELLS J. — Accompayning the directions given to the jury, they were instructed, "that if from the evidence in the case, they were satisfied, that the plaintiff rendered the services, and attended the persons sick at Robinson's, with the *knowledge and assent* of the defendants, he was entitled to recover."

The case discloses, that the small pox had attacked the children of Robinson, dwelling in his house, under the care of their mother, and while he was at sea.  Before any knowledge of the manifestation of the disease had come to the officers of the town, the plaintiff had been called to visit the family in his professional capacity.  The selectmen took the necessary measures, to prevent the spread of the disease, by placing a fence across the road leading to Robinson's house, interdicting the access of persons to it without permission, appointing a person to superintend the house and take care of its inmates.  Three other persons, residing in the neighborhood infected by the same disease, were sent to Robinson's house.  The plaintiff was the only physician who attended upon the patients.  Robinson was able to pay for the medical services rendered to his family.  The verdict embraced compensation for attending upon all the persons, in the house, who were sick.

Under the provisions of the Rev. Stat. c. 21, towns are liable, primarily, for expenses incurred by the selectmen, within the scope of the act.  And the employment of a physician would, without doubt, fall within their line of duty.

But in order to render the town liable, the physician must be *employed* by the selectmen.  Towns are under no other obligations, than those prescribed by statute, in relation to the claim of the plaintiff.  *Miller* v. *Inhabitants of Somerset,* 14

Mass. R. 396 ; *Mitchell* v. *Inhabitants of Cornville,* 12 Mass. R. 333.

The defendants had no knowledge, except that of the selectmen. The general rule of law is, that where one performs a beneficial service for another, with his knowledge and assent, a promise of payment is implied. Does this case fall within the rule ?

The family, being sick, send for a physician, they are not removed from their house. The selectmen interpose, and send other sick persons to the same house, and the physician continues his attentions to all. The family had a right to employ their own physician, and the selectmen did not interdict the exercise of it. A beneficial service was rendered to the family ; it could not be considered as rendered to the town, unless the plaintiff was employed by the selectmen. If a necessity existed, requiring the town to engage the plaintiff, then the service would have been rendered to the defendants. The selectmen might have had a knowledge that the plaintiff was attending upon the family and assent to his doing so, without intending to employ him for that purpose. The fact of the plaintiff's employment, by the selectmen, does not necessarily arise from their knowledge and assent.

The beneficial service was not performed for the town, unless the plaintiff was employed by its officers.

The case does not, therefore, come within the rule, before mentioned. The jury might have found for the plaintiff, without determining, that he was employed by the selectmen. The instruction must have assumed, that the service performed, was for the town. That was a fact to be settled by the jury, and could only have been found affirmatively, by finding, that the plaintiff was employed by the selectmen. Whether the jury would have so found, upon the facts proved, or by inference from those facts, it is unnecessary to inquire, because, if there was an error in the instruction, the verdict must be set aside.

The same rule, as to the liability of the defendants, must apply to the medical services rendered for those, who were sent to the house, in consequence of their sickness. But a

jury may have less difficulty, in finding, that the plaintiff was employed to attend upon them, than they would have, in relation to the family of Robinson.

Believing the instructions were not sufficiently definite, and were liable to mislead the jury, there must be a new trial granted.                    *Exceptions sustained.*