INHABITANTS OF COOPER *versus* INHABITANTS OF ALEXANDER.

When a town, in which an insane person was *resident*, has incurred expense in maintaining him at the Insane Hospital, such town, in order to recover for such expenses against the town of the pauper's *settlement*, must notify the defendant town in the mode prescribed in the general pauper law.

Under that law, the notice must be signed in the name of the overseers of the poor, or of some one of them in their behalf. A notice, signed in the name of some other person in their behalf, is not sufficient.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J. presiding.

ASSUMPSIT to recover for expenses incurred in clothing and in committing and maintaining at the Insane Hospital, an insane pauper, resident in Cooper, but legally settled in Alexander.

The notice given to the town of Alexander was written and signed by the town agent at the request of the overseers of the poor of Cooper. He signed it either with the names of the overseers, or with his own name as town agent, by order of the overseers. It did not appear which of these forms was used. The town agent was not one of the overseers. The case was withdrawn from the jury and submitted to the Court.

*Fuller & Harvey*, for the plaintiffs.

*Bion Bradbury*, for the defendants.

WELLS, J. — The plaintiffs claim in this action to recover the expenses incurred in removing Frances Gooch to the Insane Hospital, and for supporting her while there. By the Act of August 2, 1847, chap. 33, sect. 11, the city or town, where an insane person is found at the time of his arrest and examination, is made liable for such expenses in the first instance, but such city or town, which has been made chargeable, and shall have paid for committing and supporting the lunatic, may recover " the same from any city or town, in the same manner as if incurred for the ordinary expense of any pauper," &c. By the Statute in relation to paupers, chap. 32, sect. 29 and 42, notice is to be given of the relief needed, and of the facts relating to the person, who has become

chargeable, to the town where the pauper's settlement is, and a request made for his removal. A recovery "in the same manner" implies, that the same steps are to be taken, and as the general pauper law requires notice to be given, before an action can be maintained for supplies furnished to a pauper, the legislature must have intended, that a like notice should be given under the Act of 1847. The plaintiffs were bound by law to pay these expenses in the first instance, and so are all towns to provide relief for persons falling into distress within their limits, although their lawful settlement may be in other places.

It is true, that the town notified cannot remove the lunatic before his recovery. So in other cases, paupers may be so sick or infirm as to prevent their removal, yet their condition would not excuse a want of notice. They might subsequently be able to be removed. And after the lunatic has recovered from his insanity, if he continues a pauper, it would be the duty of the town where he has a settlement, to remove him, and take care of him. And although one of the objects of the notice, prescribed by the statute, is to induce a removal, that is not the only one; another is, to give information of the liability, so that preparation may be made to meet it.

At what time, the expenses may be said to have been incurred under the Act of 1847, from the view taken of this case, it is unnecessary to determine. That question is discussed under a similar statute in Massachusetts, in the case of *Worcester* v. *Milford*, 18 Pick. 379.

It is incumbent on the plaintiffs to prove that legal notice was given.

The notice in this case was not given by the overseers, but by the agent of the town at their request. He is uncertain whether he signed the names of the overseers, or his own as town agent, but thinks he stated in the notice, if he signed it as town agent, that it was done by their direction. No case has been cited to show that such notice would be sufficient. It does not appear that it was signed by the overseers or some one of them by their order, or that the name of either of them

was affixed to it by their direction. The defendants were not obliged to consider any other person as duly authorized to give this notice. They could not know that the agent had authority to do it, by the mode in which it was communicated. *Dalton* v. *Hinsdale*, 6 Mass. 501. The forty-second section of the statute before mentioned implies, that the notification shall be signed by the overseers, and it is best that the ordinary course of giving notice should be followed ; a departure from it leads to doubt and uncertainty.

We do not consider that a legal notice was given, and a nonsuit must be entered.

*Plaintiffs nonsuit.*