INHABITANTS OF BELFAST *vs.* INHABITANTS OF LEE.

*Pauper. Notice—by whom to be signed. What does not constitute a waiver of defective notice.*

A written notice, signed by the city clerk "for the overseers of the poor," is not a sufficient compliance with R. S. c. 24, § 27, although done under the instructions of the overseers.

And such defect is not waived by a reply signed by the overseers and sent to the clerk, inquiring concerning the age of the alleged pauper, the amount of expenses already incurred on his account, and the probable future expenses.

ON REPORT.

Action founded on R. S. c. 24, § 24, for the recovery of supplies alleged to have been furnished by the plaintiffs to a pauper whose legal settlement was in the town of Lee.

On the bill of particulars were found, among others, the following items:

1869. To paid P. W. Danforth, for boarding West girl from
        Jan. 4, to April 19, 1869, at $2.50 per week,    $37.50
Apr. 23. 8½ yards print, $1.36 ; 1 yd. cambric, .13,     1.49
        1 yd. selicia,                              .20

All the other items bore date prior to March 9, 1869.

The writ was dated Sept. 4, 1869.

It appeared that the pauper was found destitute in Belfast, Nov. 23, 1868, and continued to need and receive relief from that date to April 23, 1869.

Written notices, dated Dec. 12, 1868, March 20, and May 20, 1869, respectively, and signed by "John H. Quimby, city clerk, for the overseers of the poor of Belfast," were forwarded at the time of their respective dates to the overseers of the poor of Lee, and duly received by the latter by due course of mail.

On June 9, 1869, there was sent to and received by the overseers of the poor of Lee, a written notice of the following tenor:

" CITY OF BELFAST, MAINE, June 9, 1869.
Overseers of the poor of the town of Lee:

*Gentlemen,—*On the 12th day of December last, we notified you that Mary Potter, *alias* West, a pauper having her legal settlement in your town had fallen into distress in this city, and that we were providing for her maintenance, etc., etc. She continued to be in need of relief, and we continued to provide for her until the 23d day of April last.

We look to your town for repayment of the amount expended in her support, as advised in our notice of May 20th, '69.

Yours, &c.

OVERSEERS OF POOR OF CITY OF BELFAST,
By A. HAYFORD, *their Chairman.*"

On Dec. 26, 1868, the overseers of the poor of Lee addressed and sent to John H. Quimby, city clerk of the city of Belfast, a letter of the following tenor:

" SIR,—In answer to yours of the 12th we would like to be informed of the age of Mary Potter, *alias* West; also the expense incurred on her account, and what the prospect is in regard to further expenses.

If you will give us the desired information we would be much obliged."

This letter was duly received, and the desired information given by letter of Dec. 31, 1868. No other reply ever made.

The case was withdrawn from the jury and the court were to render judgment for so much of the amount claimed as plaintiffs were entitled to.

*W. G. Crosby,* for the plaintiffs, contended that

The defendants are estopped by their conduct from objecting to defectiveness of the first three notices signed by the clerk, and

cited *Unity* v. *Thorndike*, 15 Maine, 182; *Northfield* v. *Taunton*, 4 Met. 436. Counsel also cited *York* v. *Penobscot*, 2 Maine, 5; *Shutesbury* v. *Oxford*, 16 Mass. 104; *Embden* v. *Augusta*, 12 Mass. 308.

*A. Sanborn*, for the defendants.

APPLETON, C. J. By R. S. c. 24, § 27, the overseers of the poor are required "to send a written notice, signed by one or more of them, stating the facts respecting a person chargeable in their town, to overseers of the town where his settlement is alleged to be, requesting them to remove him," etc. The first three notices were signed by the city clerk, who had no more authority to give them than any other inhabitant. The notices were not in accordance with the statute. *Cooper* v. *Alexander*, 33 Maine, 453.

Nor has there been a waiver. In the cases cited by the counsel for the plaintiffs, the notices were given by those who were the overseers of the poor. Not so in the case at bar.

The plaintiffs are entitled to recover the amount of $16.69, for expenses incurred prior to June 9, 1869, which is the date of the notice signed by A. Hayford, chairman of the overseers of the poor of Belfast.

*Judgment for* $16.69, *and interest from date of writ.*

CUTTING, KENT, WALTON, and DANFORTH, JJ., concurred.