## TOWN OF BEACON FALLS vs. TOWN OF SEYMOUR.

By statute (Gen. Statutes, tit. 15, ch. 2, part 1, sec. 5,) the selectmen of any town are to furnish necessary support to inhabitants of other towns residing within such town who shall become poor and unable to support themselves, the amount to be recovered of the towns where they belong; and where any such pauper becomes chargeable to the town the selectmen are to send notice of his condition to the town to which he belongs, the notice to state the name of the pauper and that he is chargeable. Held that a notice that certain persons named, "paupers of your town, are here, poor and unable to support themselves," was insufficient, as not showing that the paupers were in fact receiving support from the town sending the notice.

The term "paupers of your town" could mean only that they had been supported as paupers by the town to which they belonged, and did not imply that they were being supported as paupers by the town in which they were residing.

ASSUMPSIT for supplies furnished to certain paupers claimed to belong to the defendant town; brought to the Court of Common Pleas of New Haven County, and tried to the jury on the general issue before *Harrison, J.*

The case is the same one in which a new trial was granted at a former term of the court (44 Conn. R., 210).

Upon the trial the plaintiffs offered in evidence the following notice, sent through the mail by the selectmen of Beacon Falls to the selectmen of the town of Seymour:

"Selectmen of the town of Seymour, Conn.: We hereby give you notice that Newell J. Warner and his wife, Eunice

M. Warner, paupers of your town, are now here within the limits of this town, poor and unable to support themselves, and we look to you for all lawful expenses which may be incurred for their support from this date. Dated Beacon Falls, March 26, 1873.

JAMES S. WHEELER, ⎫ *Selectmen."*
NOYES WHEELER, ⎭

And in connection with this notice the plaintiffs offered evidence to prove, 1st, that the town of Beacon Falls had been for some months prior to, and was at the time the notice was sent, furnishing necessary supplies to the paupers, and that the selectmen of Seymour knew this fact, and 2d, that the selectmen of Seymour understood the notice to be a notice that the paupers were chargeable when they received the notice, and that the selectmen of Beacon Falls claimed thereby that the paupers were chargeable."

The defendant objected to the notice and the evidence, and the court excluded both.

The jury having returned a verdict for the defendants, the plaintiffs moved for a new trial for error in this ruling of the court.

*T. E. Doolittle* and *H. Stoddard*, in support of the motion.

*H. B. Munson*, contra.

PARK, C. J. It was held by this court when this case was last before it, that the notice in question was fatally defective, because it did not state that the persons described in it as being poor and unable to support themselves were an expense to the plaintiff town. It was then contended that this was not necessary; that the word "chargeable," as used in the notice prescribed by the statute, was intended to mean that the persons named in the notice were the proper subjects of charge, and not that they were actually a charge to the town. The court held otherwise, and that it was necessary, not only that the condition of the persons should be stated in the notice, showing that they were proper subjects for support, but also that it should be stated that they were actually being

supported by the town sending the notice. It is now contended that the phrase "paupers of your town," contained in the notice in question, is equivalent to a statement that they were supported by the plaintiff town, and that the word "pauper" means a person so poor that he is supported by the town; and authorities in Massachusetts are referred to as sustaining the claim. But does the phrase, "paupers of your town," necessarily imply that they were being supported by the plaintiff town? Its equivalent in other language would be—persons so poor that your town has supported them. Obviously this expression was used in the statute and in the notice as descriptive of the persons who were in the plaintiff town. Although they may have been paupers in the defendant town, *non constat* that they were paupers in the plaintiff town. "Paupers of your town are here," that is, "Your town paupers are here." This could be said of them the moment after they had entered the plaintiff town, and long before it had furnished them any support.

In the former opinion of the court in this case it was said that the statute in force when the notice in question was sent, denominated a person who was poor and unable to support himself a pauper, and the illustrations that were given had reference to the statutory meaning of the word "pauper." The statute is as follows: "The selectmen of every town, whenever a person, not an inhabitant of such town, residing therein, shall become poor and unable to support himself, shall furnish *such pauper* such support as may be necessary, as soon as the condition of *such pauper* shall come to their knowledge." Revised Statutes of 1866, page 621. Here a pauper is defined to be a person who is poor and unable to support himself, and no town support is included in the definition, for the statute makes provision for his support after he becomes in fact a pauper within the meaning of the statute. This is clear; and it is likewise clear that there is nothing in the meaning of the phrase "poor and unable to support himself," which tends in the least to show that the party is actually being supported by the town. There is no ambiguity in the language. It is a condition which must

necessarily precede any support which can be charged to another town.

We are therefore clearly of the opinion that there was no error committed by the court below in rejecting the parol evidence offered to supply the defect in the notice.

We do not wish to be understood as holding that there is any thing technical required in such a notice. We hold merely that the notice must give information in some way of the condition of the persons claimed to be poor and unable to support themselves, and that they are an expense to the town sending the notice.

A new trial is not advised.

In this opinion the other judges concurred.