POWESHIEK COUNTY v. CASS COUNTY.

1. **Demurrer**: AMENDMENT OF AFTER SUBMISSION: NOTICE TO OPPOSITE PARTY: PRACTICE. After a demurrer has been submitted, an amendment thereto should not be allowed until the submission has been set aside, as the party whose pleading has been assailed has a right to be heard upon the questions raised by the amendment; but where it appears from the record that the submission was practically, if not formally, set aside, and that the adverse party had an opportunity to be heard on the amendment, an order sustaining the demurrer as amended will not be reversed on account of such alleged irregularity.

2. **Insane**: EXPENSE OF IN HOSPITAL: RECOVERY BY COUNTY PAYING OF COUNTY OF SETTLMENT: STATUTE MUST BE FOLLOWED. A county from which an insane person has been committed to the hospital, and which has been charged with and has paid the expenses of such person in the hospital, cannot recover such expenses from the county of such person's settlement, unless the commissioners of the plaintiff county, at the time of the commitment, found that such person had, or probably had, a settlement in the defendant county, and immediately notified the auditor of the defendant county of such finding and commitment; (Code, § 1402;) and a petition which does not allege such notice is bad on demurrer.

*Appeal from Cass Circuit Court.*

THURSDAY, APRIL 10.

ACTION to recover for expenses incurred by the plaintiff on account of an insane person alleged to have a settlement in the defendant county. There was a judgment for the defendant. The plaintiff appeals.

*A. W. Ballard,* for appellant.

*J. W. Scott* and *R. Phelps,* for appellee.

ADAMS, J.—The question presented arises upon the sufficiency of the petition. The defendant demurred to the petition, and the demurrer was sustained. The petition avers, in substance, that one Mary Ann Williams, a person found in Poweshiek county, was by the commissioners of insanity of that county adjudged insane, and sent for treatment to the

hospital for the insane at Mount Pleasant, Iowa; that the commissioners found her legal settlement to be in the defendant county; that the expenses of her care and treatment were nevertheless charged to the plaintiff, as the county from which she was sent, and that the same were paid by the plaintiff; that her legal settlement was in fact in the defendant county; and the plaintiff duly presented its claim to the board of supervisors of that county and demanded payment, and payment was refused. To the petition so averring, in substance, the defendant demurred, and the demurrer was submitted and taken under advisement. Afterward the defendant asked leave to amend the demurrer, which was granted, and the defendant stated as an additional ground that the petition does not allege that notice was served upon the auditor of the defendant county that the commissioners of insanity of the plaintiff county had found the settlement of said Mary Ann Williams to be in the defendant county. The defendant moved to strike the amendment from the files, but the motion was overruled, and the demurrer was sustained.

The plaintiff contends that the court erred in allowing the amendment to the demurrer after the demurrer was submit-

1. DEMURRER: amendment after submission: notice to opposite party: practice.

ted; and erred in sustaining the demurrer even as amended. Where permission is granted to amend a demurrer after it has been submitted, the court should, we think, first set aside the submission. The party whose pleading is demurred to is entitled to be heard upon the question raised by the amendment. The record in this case does not expressly state that the submission was set aside, but it seems to have been practically so regarded. The record states that the case came on for hearing on the demurrer theretofore submitted. It also states that at the time of such hearing the defendant asked leave to amend, and the plaintiff objected. We infer that the submission was practically set aside, and that the plaintiff had an opportunity to be heard. With this view, we see no error in the action of the court in allowing the amendment.

Poweshiek County v. Cass County.

We come, then, to the question as to whether the court erred in sustaining the demurrer. Section 1401 of the Code provides that the commissioners shall find whether the legal settlement of the insane person is in their county, and, if not in their county, where it is, if ascertained. Section 1402 of the Code provides that, "if the commissioners find that the person committed to the hospital has, or probably has, a legal settlement in some other county, they shall immediately notify the auditor of such county of such finding and commitment, and the auditor so notified shall thereupon inquire and ascertain, if possible, whether the person in question has a legal settlement in that county, and shall immediately notify the superintendent of the hospital and the commissioners of the county of the result of the inquiry."

*2. INSANE: expense of in hospital: recovery by county paying of county of settlement: statute must be followed.*

The question presented is as to whether a compliance with these provisions is a condition precedent to a right of recovery. In answering this question, we have to say that we think it is. It is true, we do not find it expressly so provided. It is also true that the finding of the commissioners of the plaintiff county was not an adjudicaton. But such finding, if it is correct, is not without importance. The county that is to be ultimately charged needs to be apprised of its liability, and that, too, at the earliest day practicable. The insane person may have an estate which needs the immediate care of a guardian. The county of the settlement is entitled to look to the insane person's estate for reimbursement. It would be a great hardship upon the county of the settlement, if it could be made liable for expenses incurred elsewhere, while it was kept in ignorance of the insanity, and the estate of the insane person was being wasted. The statute which allows a recovery by the county first incurring the expense contemplates, we think, that the statute has already been complied with by such county, so far as was necessary for the just protection of the county of the settlement. We think that the demurrer was rightly sustained.

AFFIRMED.