CITY OF TAUNTON *vs.* LEMUEL P. TALBOT.

Bristol.    October 27, 1903. — September 6, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Pauper.   Contract.*

Under our statutes a pauper cannot recover from a city or town for services rendered by him as an inmate of its almshouse.

Where a city or town maintains a public almshouse, keeping no accounts with an individual inmate, and no expenses are shown to have been incurred particularly for him, and it merely appears that the inmate received support in the almshouse and at the same time rendered services in diminution of the general expenditure equal in value to the cost of his support, the city or town can maintain no action under St. 1882, c. 113, R. L. c. 81, § 9, against such former inmate of its almshouse for money expended for his use.

CONTRACT, by the city of Taunton, under St. 1882, c. 113, substantially re-enacted in R. L. c. 81, § 9, against a former inmate of its almshouse, for board and care from January 15, 1897, to September 3, 1902, at $2 a week, amounting to $586.  Writ in the First District Court of Bristol dated August 16, 1902.

The defendant filed a declaration in set-off alleging that the plaintiff owed him $586 for work done by the defendant for the

plaintiff according to an account annexed, in which he charged $2 a week for his services.

On appeal to the Superior Court the case was heard by *Hardy*, J. upon an agreed statement of facts, the substance of which is stated in the opinion. The judge found for the plaintiff and ordered judgment to be entered for it in the sum of $602.41. He found that the defendant was not entitled to recover on his declaration in set-off and gave judgment for the plaintiff thereon. The defendant appealed.

*F. P. Lincoln*, for the defendant.

*J. B. Tracy*, for the plaintiff.

KNOWLTON, C. J. Under the St. 1882, c. 113, " Any city or town which incurs expense for the support of a pauper having a settlement therein may recover the same against such person, his executors or administrators, in an action of contract for money paid, laid out and expended for his use." This statute is re-enacted with immaterial changes in the R. L. c. 81, § 9.

This case is submitted on an agreed statement of facts, by which it appears that the defendant, being in need of relief, became an inmate of the plaintiff's almshouse about January 15, 1897, and has remained there ever since. He had no money or property, and has had none since, except a small sum recently left for him by a relative, which is in the hands of the person summoned as trustee. The city has kept no account of money paid for the defendant's use, but it makes a claim to $2 per week for board, which is founded upon the average cost of the board of all the inmates of the almshouse during the period of the defendant's presence there. " The defendant has been a valuable man at the almshouse, being steady and industrious, having charge of the barn, with general oversight of the horses, cows, etc., for which duties he had peculiar aptitude, and has performed services fully commensurate with the amount sought to be recovered by the city." The only question in the case is whether upon these facts, the city has incurred expense for his support within the meaning of this statute.

The services of the defendant were properly rendered under the authority of law. St. 1895, c. 445, § 2. R. L. c. 81, § 23. See also R. L. c. 81, § 8; c. 30, §§ 1, 3. For such services he has no cause of action, and there can be no recovery under his

declaration in set-off.   If the city could show specific payments of money made on his account, the case would stand somewhat differently.   All that appears from the agreed statement is that he shared the benefits of the plaintiff's almshouse, the expenses of whose maintenance were paid by the plaintiff, and at the same time, as an inmate thereof, he rendered valuable services which presumably diminished the outlay for expenses of maintenance as much as in other respects his presence increased it.   Looking at the whole expenditure for maintaining the almshouse while he was an inmate of it, it seems to have been no more than if he had never been there.

There are forcible arguments in support of a different construction of the statute, as applied to cases like this, and .we do not determine what the rule should be if the facts were slightly different.   But where a public almshouse is maintained and no accounts are kept with an individual inmate, and no expenses are shown to have been incurred for him particularly, and nothing appears except that he has received support in the almshouse and at the same time has rendered services in diminution of the general expenditure to an amount in value equal to the cost of his support, we are of opinion that no expense is shown to have been incurred for his support for which there can be a recovery under this statute.

·        *Judgment for the defendant.*