[No. 7496.]

## COUNTY COMMISSIONERS OF GUNNISON COUNTY v. COUNTY COMMISSIONERS OF OURAY COUNTY.

1. COUNTY—*Liability for Support of Paupers*—The liability of a county for the support of its paupers originates in the statute (Rev. Stat. secs. 4794-4795). To sustain such a claim the case must be brought within the statute, and must be presented in the manner prescribed by the statute.

2. ——*Notice of Claim*—A notice by the county clerk of one county, addressed to the clerk of another, enclosing a statement of advances made for the support of an alleged pauper of the latter, not stating that the pauper had become chargeable to the former county, or that he is present in that county, or that he will require assistance in the future, and not requesting his removal—there being no evidence or suggestion that the pauper might not have been removed, if the removal had been requested—is insufficient to support a claim of the former count yagainst the latter for a sum in excess of the amount mentioned in the notice.

*Error to Ouray District Court.*—Hon. SPRIGG SHACKLE-FORD, Judge.

Mr. DEXTER T. SAPP, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

Action by the board of county commissioners of Ouray county to recover from Gunnison county a certain amount expended for and on behalf of a pauper resident of the latter county. Judgment was in favor of Ouray county. The action is brought under the provisions of sections 4794, 4795, 4796 and 4797, Revised Statutes, 1908.

A liability against a county for the support of paupers originates solely in provisions of the statutes. To sustain such a claim the case must fall within the libaility thus created and in the manner prescribed by the statute. There are none of the elements of a contract, express or implied in a demand for the support or relief of the poor.—30 Cyc. 1127; 22 Am. & Eng. Ency. of Law (2 Ed.) 1003; *Hamlin County v. Clark County*, 1 S. D. 131; *Lander County v. Humboldt County*, 21 Nev. 415; *Augusta v. Chelsea*, 47 Me. 367; *Washoe County v. Eureka County*, 25 Nev. 356; *Kellogg v. St. George*, 28 Me. 255; *Miller v. Somerset*, 14 Mass. 396; *Mitchell v. Cornville*, 12 Mass. 332; *Poweshick County v. Cass County*, 63 Iowa 244.

The pleadings sought to charge Gunnison county for groceries and coal furnished a resident of that county by the board of county commissioners of Ouray county under the provisions of the sections of our statutes above cited. The sufficiency of the notice alleged to have been given pursuant to the provisions of section 4795, *supra*, was challenged in the answer. The only notice offered in evidence to sustain the allegation in the complaint enclosed a bill for $23.50. It was from the clerk of the Ouray board, addressed and properly mailed to and received by the clerk of the Gunnison

board. Omitting the letterhead portion, date, address and signatures, it reads:

"Herewith find enclosed statement of money advanced for groceries and coal to one John Lyons, a pauper of your county.

We have just ascertained through letters written by you enclosing money to Mr. Lyons for his support here, that he was a charge on Gunnison county, which letters we now have in our possession; and also·learn that your county contributed towards sending him here.

Kindly present this matter to your board at their next meeting and forward us check in payment of same."

Section 4795, *supra*, provides that the notice shall contain a statement that said person has become chargeable as a pauper upon the county sending the notice; that it shall also include a request to the authorities of the county receiving it to remove said pauper forthwith and to pay the expenses accrued in taking care of him, her or them. The notice given does not state that the pauper had become chargeable upon Ouray county, or that he was in that county at the time of sending the notice, or that he would require assistance in the future; neither does it request that he be removed forthwith or at all therefrom. The notice enclosed a bill for $23.50. The judgment was for $221.45. There is no allegation in the complaint that the pauper, by reason of sickness, or disease, or by neglect of the commissioners of Gunnison county, or for any other sufficient reason could not have been removed from Ouray county, had such a request been made. Under such circumstances we are of opinion that the notice was insufficient to show a compliance with the statute.—30 Cyc. 1132, 1134; *Town of Beacon Falls v. Town of Seymour*, 46 Conn. 281; *Town of Beacon Falls v. Town of Seymour*, 44 Conn. 210; *M'Kay v. Welch*, 6 N. Y. Sup. 358; *Middletown v. Berlin*, 18 Conn. 189; *Cooper v. Alexander*, 33 Me. 453; *Belfast v. Lee*, 59 Me. 293; *Washoe County v. Eureka County*, 25 Nev. 356.

The judgment is reversed.                    *Reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.