E. ALICE HALE *vs.* TOWN OF WILLIAMSTOWN.

Berkshire.    September 17, 1935. — October 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Cemetery. Municipal Corporations, Cemetery, Liability for tort.*

A town maintaining a public cemetery under G. L. (Ter. Ed.) c. 114, was not liable in tort to one injured, while rightfully in the cemetery, by the negligence of an employee thereof, though the town received money from the sale of lots and for the digging of graves and other services, which reduced the annual appropriation necessary for the maintenance of the cemetery.

TORT. Writ dated August 26, 1932.

The action was tried in the Superior Court before *T. J. Hammond*, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*H. L. Harrington*, for the plaintiff.

*W. J. Donovan*, (*F. DeL. Cunningham* with him,) for the defendant.

PIERCE, J. This is an action of tort described in two counts. At the close of all the evidence the defendant moved that a verdict be directed for the defendant on each count of the declaration and upon all the evidence. This motion was allowed.

The evidence disclosed that the defendant, a municipal corporation, on September 15, 1922, by its commissioners "duly authorized by a vote of said [defendant] Town passed on the 17th day of May A. D. 1897," conveyed to the plain-. tiff half of lot 530 in the plan of the Eastlawn Cemetery, subject to certain conditions and limitations which are here immaterial. On May 26, 1931, the plaintiff was lawfully at her cemetery lot, above described, and while there was

struck and injured by the negligent operation of a power mower which was being guided by one Cornellier who was sexton of the cemetery by appointment of the commissioners. The sexton's duties included the digging of graves and the setting of foundations, for compensation paid to the defendant, and the mowing of cemetery lots for which the commissioners received no compensation. The annual reports of the defendant town introduced in evidence by the plaintiff show the receipts from the sale of lots, interments and foundations. These receipts were paid to the town and kept in a separate fund, and none of this fund was used for general town purposes. Each year the town contributed from its funds to the maintenance of said cemetery more than it got back from the digging of graves, foundations, etc., and each year there was an actual deficit in the operation of the cemetery which was made good by the town.

It appeared in evidence that the Eastlawn Cemetery was a public cemetery owned by the town and was managed and controlled by cemetery commissioners, or a cemetery committee, who are elected public officers; that this cemetery was used for the burial of the dead and for no other purpose; and that the public officers chosen as cemetery committee selected the sexton for such cemetery.

G. L. (Ter. Ed.) c. 114, § 10, provides that "Each town shall provide one or more suitable places for the interment of persons dying within its limits." It is not contended that the defendant town had not accepted the provisions of G. L. (Ter. Ed.) c. 114, §§ 22–26, or corresponding provisions in earlier laws, when the deed was delivered and when the accident to the plaintiff occurred, nor that the sexton, Cornellier, was not an employee of the cemetery commissioners. The plaintiff contends that the exception to the general rule, stated in *Bolster* v. *Lawrence*, 225 Mass. 387, at page 390, governs the class of action to which the instant action is referable. That exception reads: "On the other hand a municipality is answerable for the acts of its servants or agents in the conduct of functions voluntarily undertaken for its own profit and commercial in

character, or to protect its corporate interests in its own way." The plaintiff concedes that the maintenance of the cemetery is for the public good and that the town's functions in connection therewith are in obedience to the mandate of the Legislature, but contends that the receipt by the town treasurer of money for the digging of graves and the setting of foundations for monuments was a commercial profit, because the receipt lessened the annual sum to be raised by taxation for the maintenance of the cemetery. She also contends that the mowing of the grass enhanced the salable value of the lots and in this way the work which the town performed was private, commercial and not sovereign. We think the work done for which compensation was paid was merely incidental to the supervision of the opening of the lots, if not actually required in the preservation of the general appearance of the lots and in the insurance of the continued sanitary condition of the cemetery. This case is governed by *Curran* v. *Boston*, 151 Mass. 505, 509, 510, and *Bolster* v. *Lawrence*, 225 Mass. 387, 391.

*Exceptions overruled.*