CITY OF MARLBOROUGH *vs.* CITY OF LOWELL.

Middlesex.     April 12, 1937. — September 17, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Needy Person.*

A municipality, which under G. L. (Ter. Ed.) c. 117, § 14, had furnished relief to a needy person who had worked "as directed" by its welfare department without receiving any wages, could recover from the municipality where he had a legal settlement as its "expense" only the excess of the amount expended for the relief over the value of the labor received.

CONTRACT. Writ in the Superior Court dated December 30, 1933.

The action was heard without a jury by *Williams, J.*, who found for the plaintiff in the sum of $507.02, and reported the action for determination by this court.

*W. J. White, Jr.*, City Solicitor, for the defendant.

*F. L. Williams*, City Solicitor, for the plaintiff.

LUMMUS, J. Alfred Messier had a legal settlement in Lowell, but lived in Marlborough with his wife and two minor children. They were "in distress and standing in need of immediate relief" within G. L. (Ter. Ed.) c. 117, § 14 (see now St. 1937, c. 113). The plaintiff furnished relief to them between December 4, 1931, and March 4, 1933, to the extent of $432.55, and seeks reimbursement from the defendant.

The only question is, whether the plaintiff must give credit for work worth $363.27, which Messier performed "as directed" by the welfare department of the plaintiff, without receiving any wages. Since the plaintiff received the work, it is immaterial whether Messier was bound to perform it as a condition of obtaining relief. G. L. (Ter. Ed.) c. 117, §§ 2, 17, 21. St. 1937, c. 113. *Wilson v. Church*, 1 Pick. 23. *Wilson v. Brooks*, 14 Pick. 341. *Taunton v. Talbot*, 186 Mass. 341. *Commonwealth v. Pouliot*, 292 Mass. 229. *Orlando v. Brockton*, 295 Mass. 205. *Auburn v. Farmington*, 133 Maine, 213. The plaintiff contends that the purpose of the work was the rehabilitation of Messier and not at all the reduction of the expense of relief; and that the right to recover its "expense" is statutory, and not subject to qualification on principles of fairness or of implied contract. It relies on cases holding that duties and rights arising out of the support of poor and indigent persons are wholly statutory. *Dalton v. Hinsdale*, 6 Mass. 501. *Mitchell v. Cornville*, 12 Mass. 332. *Miller v. Somerset*, 14 Mass. 396. *Smith v. Colerain*, 9 Met. 492. *Marlborough v. Framingham*, 13 Met. 328. *Groveland v. Medford*, 1 Allen, 23. *Stow v. Sawyer*, 3 Allen, 515. *O'Keefe v. Northampton*, 145 Mass. 115.

The plaintiff's contention seems to be foreclosed by de-

cisions of this court.  In *Wilson* v. *Church*, 1 Pick. 23, 26, it was said, "A town has undoubtedly a right to the services of a pauper to aid in his support."  In *Commonwealth* v. *Cambridge*, 20 Pick. 267; *S. C.* 4 Met. 35, it was held that a town must allow for labor received by it from poor and indigent persons whom the Commonwealth is bound to support, and can collect from the Commonwealth only the excess of the expense above the value of the labor received.  Two more recent cases, in which a municipality sought to recover from the poor and indigent person himself the expense of his support, govern the present case in principle.  The right to recover from him depends as exclusively upon the statute as does the right to recover from the city or town in which he has a settlement, and in either case what is recoverable is the "expense" or "expenses" of support.  G. L. (Ter. Ed.) c. 117, §§ 5, 1, 14.  St. 1882, c. 113.  St. 1937, c. 125. *Groveland* v. *Medford*, 1 Allen, 23.  *Stow* v. *Sawyer*, 3 Allen, 515.  In *Taunton* v. *Talbot*, 186 Mass. 341, the defendant, while an inmate of the plaintiff's almshouse, performed work there worth as much as the support furnished him.  It was held that "no expense is shown to have been incurred for his support for which there can be a recovery under this statute," although the defendant had no cause of action against the city for work and labor and could not maintain a declaration in set-off.  See *Beverly Hospital* v. *Early*, 292 Mass. 201.  In *Millis* v. *Frink*, 213 Mass. 350, a wife owning a small house was sued for her proportionate part of food and household supplies furnished to her family, consisting of herself, her feeble husband, her feeble-minded son, and her minor grandson.  She was held entitled to allowance for the shelter and services furnished by her to the others, in determining the "expenses" incurred by the plaintiff town in her support.  See also *Auburn* v. *Farmington*, 133 Maine, 213.

*Judgment for the plaintiff for $69.28 with interest.*