Hibbard, P. J.
This is an action of contract brought to recover the sums paid by the plaintiff to the Inhabitants of Shelburne. The latter aided the defendant and his family. The declaration is as follows:
“The plaintiff says that the defendant owes it the sum of $225.94 and interest, according to the account hereto annexed, marked ‘A’, for expenses incurred for his support and the support of his family and paid by it under the provisions of chapter 117 of the General Laws (Ter. Ed.) and acts in amendment thereof and in addition thereto.”
*275 At the bar it was conceded that items numbered 23, 24 and 25 in the Account Annexed represented aid paid by the Town of Greenfield, which town was reimbursed by the plaintiff. These items are admitted as obligations due from the defendant. Settlement of the defendant in Rowe was admitted by him.
The evidence in the case briefly was to the effect that in September 1936 and for some time prior thereto the defendant had been living in the Town of Shelburne with his wife and minor children. There he was earning about seventy ($70.) dollars per month. On or about September 15th of that year, he left his wife and children and went to Greenfield to live. When he left, he gave his wife his pay check for two weeks in the amount of $35 for the use of herself and children. The wife knew he was going to leave the family and go to Greenfield to live. Between the dates of September 21st, 1936 and December 14th of the same year, the Town of Shelburne made sundry payments in the amount of $161.52 for various articles described in the report as “provisions, housework, fuel oil, rent, drugs, clothing, transportation, moving furniture, medical aid, electric lighting bills” to the wife and children of the defendant, none of which were furnished to or used by the defendant himself. The plaintiff later reimbursed the Town of Shelburne in the aforesaid amount. On September 28th of the year 1936, the defendant was before the District Court of Franklin on a complaint signed by his wife and charging the defendant with assault and battery. After a plea of “guilty”, a sentence was imposed which was suspended and the defendant placed on probation conditioned upon his paying $8 to the probation officer “on October 10, 1936 and each successive Saturday for the benefit of his family.” The probation term was accepted and the or *276 der complied with. About December 1st of the same year, the defendant returned to his family. He knew nothing of the aid furnished to his family and charged against him until April 1941 when a summons in the instant case was served upon him. There was no direct evidence offered at the trial “that any of the items sued upon were necessaries for the defendant or his family or that the expenses of support alleged to have been furnished were needed by the defendant or his family when furnished.”
The defendant seasonably filed five requests for rulings. 'The first and fifth were given. The others were denied. They were as follows:
“2. The burden is upon the plaintiff to prove that the defendant unreasonably neglected to provide for his family at the time the items were furnished.
3. This action is not maintainable as to those items of expense incurred while the order of the Court was effective and -complied with by the periodical payments. 218 Mass. 73 : 306 Mass. (sic.)
4. Upon the evidence and the pleadings except for the amount offered in judgment, by the defendant, the action is not maintainable.
a. The defendant provided legally for the family the period when the charges were incurred.
b. The items furnished were not needed and not necessaries for the family.”
The Trial Judge filed a finding of facts as follows:
“That all aid furnished to the defendant’s family by the Town of Shelburne was for necessaries and that such necessaries were needed by the defendant’s fami-. ly. The Court made this finding after an examination of the aid furnished and set forth in the separate items in the account annexed and by drawing the inference that such aid would not have been furnished by the Board of Welfare of the Town of Shelburne if it were not needed.”
*277 Under the provisions of chapter 117, section 1, every town must relieve and support all poor and indigent persons lawfully settled therein and whenever they stand in need thereof. Under the provisions of section 5 of said statute, a person, his executor or administrator is made liable in contract to any town for expenses incurred by it for his support. By the provisions of section 14 of said chapter, Boards of Public Welfare in their respective towns must provide for the immediate comfort and relief of all persons residing or found therein having lawful settlements in other towns, in distress and standing in need of immediate relief until removed to the towns of their lawful settlement. The expense of such relief may be recovered in an action of contract against the town liable therefor.
The right to recover from the defendant depends exclusively upon the statute and what is recoverable is the expense or expenses of support. Marlborough v. Lowell, 298 Mass. 271.
The right of the plaintiff is predicated upon the existence of need on the part of the defendant and his family. The burden is upon the plaintiff to show not alone that support was rendered but that it was needed and further that all articles or elements of support were necessaries. To sustain this burden called for proof. From the report itself it appears that no evidence was offered but that the Court inspected the items set forth in the account annexed and after such inspection found as a fact that each and all of them were furnished by the Town of Shelburne for the needed support of the defendant and his family. In so finding or ruling the Court erred. Pleadings are not evidence. Moreover it appears from the report that so far as the Trial Court deemed it necessary, he grounded his opinion *278 and finding upon his view that the aid alleged to have been given would not have been furnished by the Town of Shelburne unless needed.
It does not need extended discussion or the citation of authorities to support the statement that a Trial Court cannot find support for a plaintiff’s contention by a mere inference in the absence of credible evidence from which such could be drawn.
The first request which was allowed is as follows:
“The burden of proof is upon the plaintiff to prove that the family of the defendant needed the items charged against him when they were furnished.”
The Court by giving this request properly instructed himself but did not follow the law which he thus established as the law of the case. Because of the decision which we have reached, it is not necessary to consider defendant’s requests numbered two, three and four which were denied.
Prejudicial error must be found and a new trial ordered.