ANDREW F. L. BEAKEY *vs.* TOWN OF BILLERICA
(and three companion cases [1]).

Middlesex.    April 4, 1949. — April 29, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Municipal Corporations,* Liability for tort, Public welfare, Infirmary. *Public Welfare.*

Upon the evidence at the trial of an action against a town for personal injuries caused by negligence of its officers in the maintenance of a barn at a town infirmary, a finding would not have been warranted that sale of surplus milk produced at the infirmary was a commercial undertaking rather than a mere incident to the performance of a governmental function.

An auction sale, conducted by officers of a town on the premises of its infirmary pursuant to a vote by it to dispose of the infirmary, did not convert the infirmary from a governmental function into a commercial undertaking.

[1] The companion cases are those brought against the same defendant, respectively, by Joseph Niedjweski, William H. Rolfe, and William J. Dawson.

Upon the evidence at the trial of an action against a town for personal
  injuries caused by negligence of its officers resulting in the fall of the
  floor of a barn during an auction sale conducted on the premises of the
  town infirmary pursuant to a vote of the town to dispose of the in-
  firmary, maintenance of the infirmary, whether required by legislative
  mandate or permissive, could not warrantably have been found to be
  otherwise than a governmental function, and a verdict for the town
  properly was directed.

FOUR ACTIONS OF TORT. Writs in the Superior Court
dated respectively August 3, 1945, August 27, 1945, April
15, 1946, and July 15, 1946.

The cases were tried together before *Warner*, J.

*F. C. Zacharer,* (*N. C. Contakos & C. DeMallie* with him,)
for the plaintiffs.

*P. H. Ready,* Town Counsel, for the defendant.

LUMMUS, J. These are actions of tort for personal in-
juries, brought by four persons who attended an auction
sale at the town infirmary in Billerica. Cities and towns
have a duty to support the poor and needy. G. L. (Ter.
Ed.) c. 117, § 1. By G. L. (Ter. Ed.) c. 47, § 1, "Any town
may erect or provide and maintain an infirmary for persons
in need," and by § 9, "An infirmary may be discontinued or
appropriated to any other use if the towns interested so
determine." An inmate of an infirmary may be required to
work. G. L. (Ter. Ed.) c. 117, §§ 21, 22. *Marlborough* v.
*Lowell,* 298 Mass. 271. *Chaffee* v. *Oxford,* 308 Mass. 520,
524.

The material facts do not appear to be in dispute. The
town had long maintained the infirmary until, on February
24, 1945, the town voted to dispose of it, and the disposal
was left to the "proper town officers," who, it is agreed,
were the selectmen. The advent of old age assistance (G. L.
[Ter. Ed.] c. 118A) doubtless made the infirmary less neces-
sary than it had been. The infirmary consisted of a large
building of eighteen rooms, used for living quarters, a barn
with a long shed attached to it, a hen house, and farm land
of about one hundred ten acres. On April 7, 1945, the in-
firmary had five male inmates, in addition to the superin-
tendent and the matron. There were seventeen cows, two

horses and either one or two pigs. The farm produced hay and vegetables, and pigs for slaughter, all of which were consumed at the infirmary.

On April 7, 1945, an auction sale was held at the infirmary, to carry out the vote of the town of February 24, 1945. The sale proceeded until the real estate and all the personalty had been sold except the pigs and the hay. The auctioneer asked the persons attending the sale to step into the barn, as he intended to sell the pigs and the hay. When about one hundred fifty people were in the barn, the floor gave way and fell, and the four plaintiffs were hurt. There was evidence tending to show negligence on the part of town officers in letting the supports of the floor become water-soaked and rotten.

At the end of the evidence, the judge directed verdicts for the defendant, subject to the exceptions of the plaintiffs.

Upon the foregoing facts, the question arises whether the town is liable for negligence. It is immaterial that the maintenance of an infirmary is not a duty imposed upon a town by legislative mandate, but is permissive. In either case it would be the exercise of a governmental function. *Tindley* v. *Salem*, 137 Mass. 171, 176. *Bolster* v. *Lawrence*, 225 Mass. 387, 389. *Baumgardner* v. *Boston*, 304 Mass. 100, 107. "A municipality, in the absence of special statute imposing liability, is not liable for negligent acts of its officers or employees in the performance of strictly public functions imposed or permitted by the Legislature from which no special corporate advantage, pecuniary profit or enforced contribution from individuals particularly benefited, results." *Orlando* v. *Brockton*, 295 Mass. 205, 207–208, following the leading case of *Bolster* v. *Lawrence*, 225 Mass. 387, 389.

In the present case the plaintiffs contend that the infirmary became a commercial venture of the town, in which it is liable for negligence, because of the sale of milk produced at the infirmary. The facts as to this are not in dispute. The reason why seventeen cows were kept was to keep the

inmates employed. There was a surplus of milk, beyond the needs of the infirmary, and that surplus was sold, and the proceeds, amounting to about $200 a month, went into the general treasury of the town. The burden was on the plaintiffs to prove that the production and sale of milk was a commercial undertaking rather than a mere incident to the performance of a governmental duty. *Orlando* v. *Brockton,* 295 Mass. 205, 208. The cost of the maintenance of the infirmary does not appear, but it is most improbable that it was defrayed by the proceeds of the sale of milk. We think that it does not appear that the sale of milk was anything more than an incident to the performance of the public duty of the town to care for the poor and needy. It is well settled that sale of surplus proceeds of such an institution does not make the undertaking a commercial one. *Curran* v. *Boston,* 151 Mass. 505. *Hale* v. *Williamstown,* 292 Mass. 319. *Orlando* v. *Brockton,* 295 Mass. 205, 209. *Chaffee* v. *Oxford,* 308 Mass. 520. An auction sale incidental to the liquidation of the enterprise does not convert the enterprise into a commercial one.

*Exceptions overruled.*